IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS R. COTTO,<br>       Petitioner<br><br>       v.<br><br>FRANKLIN J. TENNIS, et al.,<br>       Respondents. | C.A. No. 09-168 Erie |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I     RECOMMENDATION**

It is respectfully recommended that the instant *habeas corpus* action be dismissed for Petitioner's failure to prosecute.

**II     REPORT**

On July 8, 2009, the Clerk of Courts received a Petition for Writ of *Habeas Corpus* from Petitioner Luis R. Cotto, an inmate at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania. The petition was accompanied by a motion to proceed *in forma pauperis*. On August 12, 2009, this Court issued a Report and Recommendation recommending that Petitioner's motion to proceed *in forma pauperis* be denied, because it appeared from Petitioner's inmate account statements that he had sufficient income from which to pay the filing fee of $ 5.00. [ECF No. 5]. By Memorandum Order dated October 9, 2009, District Judge Sean J. McLaughlin adopted this Court's recommendation and denied Petitioner's motion to proceed *in forma pauperis*.

Petitioner subsequently appealed the denial of his *in forma pauperis* motion to the Third Circuit Court of Appeals, which ultimately affirmed the denial by judgment dated March 4, 2010. Thereafter, Petitioner failed to pay the filing fee of $ 5.00 to have his habeas petition filed. Because so much time had passed since Petitioner originally filed his petition, this Court

issued an Order dated September 3, 2010, giving Petitioner one last chance to either pay the filing fee or file another motion to proceed *in forma pauperis* by September 22, 2010, or suffer dismissal of this case for failure to prosecute. To date, Petitioner has failed to respond to this Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

## III    **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72(a) of the Federal Rules of Civil Procedure, the parties are allowed fourteen (14) days from the date of service to file an appeal from this order to the District Court. Failure to timely file an appeal

may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 6, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge